REQUESTED BY: Senator Martin F. Kahle Member of the Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senator Kahle:
In your letter of January 15, 1982, you call our attention to the provisions of Neb.Rev.Stat. § 23-146 (Reissue 1977) which limits a county officer's interest in contracts executed by the county and to Opinion No. 63 found in the Reports of the Attorney General for the years 1969-1970 at page 97, and ask certain questions concerning the pecuniary interest referred to therein.
We further understand that it is your intention to consider legislation to help clarify this matter depending upon the response you receive from this office to your inquiry. You first ask what factor or factors determine how much of the contract price results in a pecuniary interest or benefit to the county official. It is extremely difficult to define with certainty the phrase `pecuniary interest' however generally speaking such an interest is a personal or private one and not such an interest as the public officer has in common with all other citizens and it is generally an interest which is immediate, definite and capable of demonstration as opposed to being remote, uncertain, contingent or speculative. See generally, 67 C.J.S. Officers, § 204.
You also ask the significance of any relationship which may exist between the county official in question and his employees, partners, stockholders and others. Here again it is extremely difficult to delineate with certainty the type of relationship which would result in a pecuniary interest but generally speaking a benefit to one partner or stockholder would result in the benefit to all others and of course situations can be envisioned in which an agent or employee of a county official could benefit which would indirectly benefit the county official. For example, an employee or agent could be compensated through the county business in lieu of a salary being paid him by the county official resulting in an indirect pecuniary interest to that county official.
You also inquire as to whether or not pecuniary interest resulting to family members are attributable to the officer and we would suggest that in most circumstances they would be. Here again it is extremely difficult to generalize inasmuch as each particular situation has to be evaluated on a case-by-case basis.
We are appreciative of the fact that you may wish to clarify what is meant by pecuniary interest and attempt to define those relationships which would result in an impermissible pecuniary interest, however we believe that it would be extremely difficult to itemize in statutory language a list of such factors, relationships or circumstances. While it appears extremely difficult to generalize in this area, it is usually possible when examining a particular set of facts to render a legal judgment as to whether or not such an arrangement would be impermissible under the statute. Therefore it may be that county officials would benefit from presenting such potential factual circumstances to their county attorney in advance of taking any action in an attempt to obtain from him his best judgment as to the acceptability of those particular facts.
We are sorry that we could not be of more specific assistance to you in responding to your inquiry but hope that the information we have provided is of some general value.
Sincerely,
PAUL L. DOUGLAS Attorney General
Terry R. Schaaf Assistant Attorney General